IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADVANTAGE MEDIA GROUP, LLC, a Utah limited liability corporation,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>GET MOTIVATED SEMINARS, INC., a Florida corporation; LIFE WIN, INC., a Florida corporation; TAKE ACTION MEDIA, INC., a Florida corporation; PETER LOWE, an individual; TAMARA LOWE, an individual; JOE JOHNSON, an individual; and JOHN DOES 1 THROUGH 10,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANT TAMARA LOWE'S MOTION TO DISMISS<br><br>Case No. 2:12-CV-337 TS |

　　This matter is before the Court on Defendant Tamara Lowe's Motion to Dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court will grant the Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

---

[1] Had the Court been able to assert personal jurisdiction over Defendant Tamara Lowe, the Court would have granted the Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6) because the economic loss doctrine bars the civil conspiracy claim.

1

I.  BACKGROUND

Defendant Tamara Lowe ("Lowe") moves to dismiss Plaintiff Advantage Media Group, LLC's ("AMG") civil conspiracy claim.  AMG has filed multiple claims against several defendants; however, Lowe is only named as a defendant with respect to the civil conspiracy claim.[2]

Lowe is a resident of Florida and at all relevant times to the dispute was an officer of Get Motivated Seminars, Inc. ("GMS") and Take Action Media, Inc. ("TAM").[3]  GMS, TAM and Life Win, Inc. are collectively known as Get Motivated Entities and are Florida corporations. AMG is a Utah corporation doing business in the state of Utah.[4]  Get Motivated Entities are engaged in the business of providing nationwide motivational and educational seminars.[5]  AMG specializes in procuring advertising of various mediums throughout the United States.[6]

AMG began providing advertising services to Get Motivated Entities in 2005 to promote motivational and educational seminars conducted by Get Motivated Entities in various United States locations.[7]  AMG claims that throughout the business relationship Lowe would periodically pay for business invoices using a personal credit card.[8]  In late 2011 and early 2012, AMG alleges that Lowe and Get Motivated Entities conspired to order advertising services with

---

[2] Docket No. 1, at 9; Docket No. 2, at 4.

[3] Docket No. 1, at 2.

[4] *Id.*

[5] *Id.* at 3.

[6] Docket No. 4, at 3.

[7] *Id.* at 2.

[8] *Id.* at 4.

the intention not to pay for the services.[9] AMG alleges that in January 2012, Brian Forte and Grace Gose attempted to make a partial payment of invoices by emailing Lowe's credit card information to AMG.[10] Lowe maintains that any use of her personal credit card was without her knowledge and contrary to her direct instructions.[11] AMG alleges that Lowe conspired to induce AMG to secure advertising without fair compensation by making a partial payment through her agents Brian Forte and Grace Gose.[12]

## II. PERSONAL JURISDICTION

A.  STANDARD OF REVIEW

Plaintiff carries the burden of establishing personal jurisdiction over Defendant.[13] "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[14] "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[15]

---

[9] *Id.*

[10] *Id.*

[11] Docket No. 6, Ex. A.

[12] Docket No. 4, at 5.

[13] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[14] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[15] *Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003).

To satisfy the constitutional requirement of due process, the defendant must have such "minimum contacts" with the forum state "that he should reasonably anticipate being haled into court there."[16] "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[17] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[18]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.[19] AMG does not allege general jurisdiction, and the Court will therefore not consider it. As to specific jurisdiction, when the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[20] In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."[21]

---

[16] *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291, 297 (1980).

[17] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[18] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[19] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998).

[20] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

[21] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

B.   ANALYSIS

In the present case, Lowe's contacts with Utah have been in the performance of her official capacity as an officer for GMS and TAM. GMS and TAM purposely directed their activities at the state of Utah by contracting with AMG, a Utah corporation, to procure advertising in various other states. The Court likely has jurisdiction over GMS and TAM because both corporations contracted with AMG, a Utah company. However, the issue before the Court is not whether the Court has jurisdiction over the corporations; it is whether the Court has jurisdiction over Lowe, a corporate officer.

"Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction."[22] Further, jurisdiction over a corporate officer may not be based on jurisdiction over the corporation.[23] Jurisdiction over an officer must be based on the officer's individual contacts with the forum state.[24] If however, the corporate officer is using the corporation as a shield for conducting personal activities, the Court may "pierce the corporate veil" and assert jurisdiction over the corporate officer.[25]

AMG contends that when Lowe's personal credit card was used for corporate invoices, either personally or through her agents, she thereby personally availed herself of the benefits and

---

[22] *Ten Mile Indus. Park v. W. Plains Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) (citing Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure, § 1069 (1985 Supp.); *Wegerer v. First Commodity Corp. of Boston,* 744 F.2d 719, 727 (10th Cir. 1984); *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277, 1281 (10th Cir. 1969); *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 906 (1st Cir 1980)).

[23] *Id.*

[24] *Id.*

[25] *Id.* (quoting Wright, Miller & Kane, § 1069).

protections of Utah law.[26]  AMG also alleges that Lowe conspired with Get Motivated Entities to solicit AMG's services with the intent not to pay for the services rendered.[27]  Lowe responds that her alleged misdeeds were executed as part of Lowe's official capacity as a GMS and TAM corporate officer.  The Court agrees and would further note that, although Lowe's personal credit card was used for business invoices, there is no evidence offered by AMG that she was using the business as a corporate shield to protect her personal activities.

Because Lowe was not acting in her individual capacity when engaging in the challenged conduct, the Court finds that there are insufficient minimum contacts necessary to establish personal jurisdiction.

For the foregoing reasons, the Court grants Tamara Lowe's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### III.  CONCLUSION

Based on the forgoing, it is therefore

ORDERED that Defendant Tamara Lowe's Motion to Dismiss (Docket No. 2) is GRANTED.

DATED  June 27, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[26] Docket No. 4, at 10.

[27] *Id.*