IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADVANTAGE MEDIA GROUP, LLC, a Utah limited liability corporation,<br><br>        Plaintiff,<br><br><br><br><br><br>                    vs.<br><br><br><br>GET MOTIVATED SEMINARS, INC., a Florida corporation, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION TO ALLOW SERVICE BY PUBLICATION<br><br><br><br><br><br><br><br>Case No. 2:12-CV-337 TS |

This matter is before the Court on Plaintiff's Ex Parte Motion to Allow Service by Publication.  Through its Motion, Plaintiff seeks the ability to serve Defendant Peter Lowe by publication.  For the reasons set forth below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

Plaintiff Advantage Media Group filed this action against a number of Defendants, including Defendant Peter Lowe, on April 5, 2012, alleging breach of contract, unjust enrichment, and civil conspiracy.

1

On July 3, 2012, Plaintiff filed its Ex Parte Motion to Allow Service by Publication. Plaintiff argues that it has used reasonable diligence in attempting to serve Defendant Peter Lowe, but has been unable to serve him at his last known address.

## II.  DISCUSSION

Pursuant to Fed.R.Civ.P. 4(e)(1), the Court may allow service of process as permitted by Utah law.  Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means.  The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]

> Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served.  This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.[2]

"A determination of reasonable diligence thus properly focuses on the *plaintiff's* efforts to locate the defendant.  Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[3]

---

[1]Utah R. Civ. P. 4(d)(4)(A).

[2]*Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

[3]*Id*. at 1216.

"The reasonable diligence standard does not require a plaintiff to exhaust all possibilities

to locate and serve a defendant.  It does, however, require more than perfunctory performance."[4]

> The diligence to be pursued and shown by the affidavit is that which is
> reasonable under the circumstances and not all possible diligence which may be
> conceived.  Nor is it that diligence which stops just short of the place where if it
> were continued might reasonably be expected to uncover an address or the fact of
> death of the person on whom service is sought. . . . [Reasonable diligence] is that
> diligence which is appropriate to accomplish the end sought and which is
> reasonably calculated to do so.  If the end sought is the address of an out-of-state
> defendant it encompasses those steps most likely, under the circumstances, to
> accomplish that result.[5]

> To meet the reasonable diligence requirement, a plaintiff must take
> advantage of readily available sources of relevant information.  A plaintiff who
> focuses on only one or two sources, while turning a blind eye to the existence of
> other available sources, falls short of this standard.  In a case such as this,
> involving out-of-state defendants, a plaintiff might attempt to locate the
> defendants by checking telephone directories and public records, contacting
> former neighbors, or engaging in other actions suggested by the particular
> circumstances of the case.  Advances in technology, such as the Internet, have
> made even nationwide searches for known individuals relatively quick and
> inexpensive.[6]

Having reviewed Plaintiff's Motion, the Court finds that it falls short of what is required

to allow service by publication.  The Affidavit of Plaintiff's counsel merely provides that he

"caused a process server to attempt to serve Defendant Peter Lowe at his last known address" and

"[d]espite various attempts at service, Plaintiff . . . has been unable to serve Defendant Peter

Lowe at any known address, despite having conducted a reasonable search."[7]  This is precisely

---

[4]*Id*. at 1217 (internal quotation marks and citation omitted).

[5]*Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

[6]*Jackson Constr.*, 100 P.3d at 1217.

[7]Docket No. 19, Ex. 1, ¶¶ 5-6.

the type of perfunctory effort the Utah Supreme Court has disapproved.  It appears that Plaintiff

has focused on one source, Defendant's last known address, and has not taken advantage of other

available sources of information.  Further, while Plaintiff indicates it has "conducted a reasonable

search," it provides no information as to what other steps it has taken to locate Defendant Lowe

other than attempting to serve him at his last known address.  Without additional information, the

Court is unable to grant the Motion at this time.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Ex Parte Motion to Allow Service by Publication (Docket No.

18) is DENIED WITHOUT PREJUDICE.

DATED   August 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge