IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ADVANTAGE MEDIA GROUP, LLC, a Utah limited liability corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>GET MOTIVATED SEMINARS, INC., a Florida corporation, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:12-CV-337 TS |

   This matter is before the Court on Plaintiff's Motions for Default Judgment. Plaintiff's Motions seek default judgment against Defendants Get Motivated Seminars, Inc. ("Get Motivated") and Life Win, Inc. ("Life Win"). For the reasons discussed below, the Court will grant the Motions.

I.  BACKGROUND

   Plaintiff Advantage Media Group, LLC ("Advantage Media") filed its Complaint against various Defendants on April 5, 2012. Defendants Get Motivated and Life Win filed an Answer through counsel on June 18, 2012. On October 4, 2012, counsel for Defendants Get Motivated

1

and Life Win was permitted to withdraw. As part of the Court's order allowing counsel to withdraw, Defendants were directed to file a notice of appearance of counsel within twenty-one (21) days. Defendants were warned that "[a] party who fails to file such a Notice of Substitution of Counsel or Notice of Appearance may be subject to sanction pursuant to Federal Rules of Civil Procedures 16(f)(1), including but not limited to dismissal or default judgment."[1] Defendants have failed to file a notice of appearance and the documents mailed to Defendants' address have been returned as undeliverable.

## II.  DISCUSSION

Plaintiff moves for default judgment as a result of Defendants' failure to comply with the Court's order. Fed. R. Civ. P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[2] Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

The Court is to consider a number of factors when determining the proper sanction, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with

---

[1] Docket No. 35, at 2.

[2] Fed. R. Civ. P. 16(f)(1)(c).

[3] Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

Considering these factors, the Court finds that default judgment is appropriate.  First, the Court finds Plaintiff has been prejudiced by Defendants' failure to appear and participate in this action.  Without Defendants' appearance and participation, Plaintiff has been unable to proceed with this litigation.  Second, for essentially the same reasons, the Court finds that Defendants' actions have interfered with the judicial process.  Third, the Court finds that Defendants are highly culpable.  Defendants were informed of what was required of them and the possible consequences, but have taken no action.  Fourth, as set forth above, the Court warned that sanctions, including default may be entered if Defendants failed to appoint counsel.  Finally, the Court finds that lesser sanctions would not be adequate as Defendants have failed to participate in this action and there is no indication that they intend to do so.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motions for Default Judgment (Docket Nos. 39 and 41) are GRANTED.  The Clerk of the Court is directed to enter judgment against Defendants Get Motivated Seminars, Inc. and Life Win, Inc. in the principal amount of Four Hundred Twenty One Thousand Seventy-Six dollars and 51/100 ($421,076.51), plus post-judgment interest.

---

[4] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

DATED January 2, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

4